UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ************************************** | CIVIL ACTION NO. | |
| AT&T CORP., | 04 11815 GAO | |
| Plaintiff | | RECEIPT # 58093 |
| vs. | COMPLAINT | AMOUNT $ |
| | | SUMMONS ISSUED |
| GENERAL INSULATION COMPANY, | | LOCAL RULE 4.1 |
| Defendant | | WAIVER FORM |
| | | MCF ISSUED |
| ************************************** MAGISTRATE JUDGE | | BY DPTY. CLK |
| | | DATE |

The Plaintiff, AT&T Corp., by its attorneys Cohn & Dussi, LLC, as and for its Complaint herein alleges as follows:

## THE PARTIES

1. The Plaintiff, AT&T Corp. (hereinafter "AT&T"), is a corporation duly organized by law having a usual place of business at 55 Corporate Drive, Bridgewater, New Jersey.

2. The Defendant, General Insulation Company (hereinafter the "Defendant"), is a corporation duly organized by law having a usual place of business at 24 East Cross Street, Somerville, Massachusetts.

## JURISDICTION

3. This Court has jurisdiction over this claim based on the following:

   a. Under 28 U.S.C. Section 1331, as Defendant's liability arises under a tariff filed with the Federal Communications Commission (the "F.C.C."); and

   b. This Court has jurisdiction over this claim under 28 U.S.C. Section 1332, based upon Diversity Jurisdiction.

## COUNT I
### (Breach of Master Agreement No. 111822)

4. The Plaintiff, AT&T, reavers, realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 3 above with the same full force and effect as if expressly set forth herein.

5. At all times relevant to this action, AT&T provided telephone and voice/data service pursuant to Tariffs.

6. On or about February 13, 2002, the Defendant executed and delivered to AT&T a Master Agreement, AT&T Contract Tariff Service Order Attachment, AT&T Service Order Attachment-Voice/Data Services (hereinafter the "Agreement") pursuant to which the Defendant agreed to pay to AT&T all amounts due together with interest, costs and attorneys' fees in connection with the Defendant's purchase of services from AT&T. A true and accurate copy of said Agreement is attached hereto as Exhibit "A" and by this reference specifically incorporated herein.

7. Pursuant to said Agreement, AT&T rendered services to the Defendant in the sum of One Hundred Twenty Five Thousand Seven Hundred Forty Five and 79/100 ($125,745.79) Dollars.

8. The Defendant has breached its contract with AT&T as a result of its failure to make payment to AT&T on all amounts due under said Agreement and owes AT&T the sum of One Hundred Twenty Five Thousand Seven Hundred Forty Five and 79/100 ($125,745.79) Dollars plus interest from September 3, 2003 on or before which date demand for payment was duly made, costs and attorneys' fees.

## COUNT II
### (Breach of Master Agreement No. 112068)

9. The Plaintiff, AT&T, reavers, realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 8 above with the same full force and effect as if expressly set forth herein.

10. At all times relevant to this action, AT&T provided telephone and voice/data service pursuant to Tariffs.

11. On or about January 25, 2002, the Defendant executed and delivered to AT&T a Master Agreement, AT&T Contract Tariff Service Order Attachment, AT&T Service Order Attachment-Voice/Data Services (hereinafter the "Agreement") pursuant to which the Defendant agreed to pay to AT&T all amounts due together with interest, costs and attorneys' fees in connection with the Defendant's purchase of services from AT&T. A true and accurate copy of said Agreement is attached hereto as Exhibit "B" and by this reference specifically incorporated herein.

12. Pursuant to said Agreement, AT&T rendered services to the Defendant in the sum of One Hundred Twenty Five Thousand Seven Hundred Forty Five and 79/100 ($125,745.79) Dollars.

13. The Defendant has breached its contract with AT&T as a result of its failure to make payment to AT&T on all amounts due under said Agreement and owes AT&T the sum of One Hundred Twenty Five Thousand Seven Hundred Forty Five and 79/100 ($125,745.79) Dollars plus interest from September 3, 2003 on or before which date demand for payment was duly made, costs and attorneys' fees.

## COUNT III
### (Services Rendered)

14. The Plaintiff, AT&T, reavers, realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 13 above with the same full force and effect as if expressly set forth herein.

15. The Defendant owes AT&T One Hundred Twenty Five Thousand Seven Hundred Forty Five and 79/100 ($125,745.79) Dollars for services rendered by CTC to the Defendant, together with interest thereon from September 3, 2003 on or before which date demand for payment was duly made, costs and attorneys' fees.

## COUNT IV
### (Unjust Enrichment)

16. The Plaintiff, AT&T, reavers, realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 15 above with the same full force and effect as if expressly set forth herein.

17. AT&T provided services to the Defendant for an agreed upon price and the Defendant has failed, refused neglected and continues to refuse to make payment to AT&T in consideration for the services provided by AT&T to the Defendant.

18. As a result of the foregoing, the Defendant has been unjustly enriched in the sum of One Hundred Twenty Five Thousand Seven Hundred Forty Five and 79/100 ($125,745.79) Dollars, which sum AT&T is entitled to recover.

19. As a result of this unjust enrichment, the Defendant owes AT&T One Hundred Twenty Five Thousand Seven Hundred Forty Five and 79/100 ($125,745.79) Dollars for services rendered by AT&T to the Defendant, together with interest thereon from September 3, 2003, costs and attorneys' fees.

**WHEREFORE**, AT&T prays that Judgment enter as follows:

1. Awarding AT&T One Hundred Twenty Five Thousand Seven Hundred Forty Five and 79/100 ($125,745.79) Dollars in Tariffed charges for the services provided, plus interest, against the Defendant;

2. Awarding AT&T its costs and disbursements, including reasonable attorneys' fees for prosecuting this action; and

3. Granting AT&T such other and further relief as this Court may deem just and proper in the circumstances.

                                                Respectfully submitted,
AT&T Corp.,
By its attorneys,
Cohn & Dussi, LLC,

Date: 8/1/

John J. Dussi, BBO# 546355
25 Burlington Mall Road, 6th Floor
Burlington, MA 01803
(781) 494-0200

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __AT&T Corp v. General Insulation Company__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2234?
   YES [ ]   NO [X]

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do **all** of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __John J. Dussi__
ADDRESS __25 Burlington Mall Rd, Burlington, MA 01803__
TELEPHONE NO. __781-494-0200__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AT&T Corp.

**DEFENDANTS**
General Insulation Company

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Middlesex County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
John J. Dussi
Cohn & Dussi, LLC
25 Burlington Mall Rd.
Burlington, MA 01803
781-494-0200

Attorneys (If Known)
Kevin J. Snyder & Associates, LLC
701 North Green Valley Parkway
Suite 200
Henderson, NV 89074
702-990-3055

04 11815 GAO

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff seeks to recover monies owed for services rendered.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 125,745.79
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 8/19/04  SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____