UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT -7 P 12: 04

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| AT&T Corp., | ) Civil Action No.: 04-11815-GAO </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| vs. | ) </br> ) **ANSWER** |
| GENERAL INSULATION COMPANY, | ) </br> ) |
| Defendant. | ) </br> ) |

Defendant General Insulation Company (hereinafter "General Insulation"), by its attorneys, Brady & Brady, hereby answer the claims set forth in the Complaint of plaintiff AT&T Corp. (hereinafter "Plaintiff") as follows:

## THE PARTIES

1. General Insulation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2. General Insulation admits it is a corporation, but denies that it currently has a usual place of business at 24 East Cross Street, Somerville, Massachusetts. Further answering, General Insulation states that it has a usual place of business at 278 Mystic Avenue, Suite 209, Middlesex County, Medford, Massachusetts.

1

## JURISDICTION

3. Paragraph 3 (a) and (b) of the Complaint sets forth a legal conclusion to which no response is required.

## COUNT I
### (Breach of Master Agreement No. 111822)

4. General Insulation repeats and incorporates by reference its responses to the allegations contained in paragraph 1 through 3 of the Complaint.

5. General Insulation denies the allegations contained in paragraph 5.

6. General Insulation admits there was an agreement between General Insulation and Plaintiff for Plaintiff to provide Voice and Data services to General Insulation but denies all other allegations contained in paragraph 6.

7. General Insulation denies the allegations contained in paragraph 7.

8. General Insulation denies the allegations contained in paragraph 8.

## COUNT II
### (Breach of Master Agreement No. 112068)

9. General Insulation repeats and incorporates by reference its responses to the allegations contained in paragraph 1 through 8 of the Complaint.

10. General Insulation denies the allegations contained in paragraph 10.

11. General Insulation admits there was an agreement between General Insulation and Plaintiff for Plaintiff to provide Voice and Data services to General Insulation but denies all other allegations contained in paragraph 11.

12. General Insulation denies the allegations contained in paragraph 12.

13. General Insulation denies the allegations contained in paragraph 13.

## COUNT III
### (Services Rendered)

14. General Insulation repeats and incorporates by reference its responses to the allegations contained in paragraph 1 through 13 of the Complaint.

15. General Insulation denies the allegations contained in paragraph 15.

## COUNT IV
### (Unjust Enrichment)

16. General Insulation repeats and incorporates by reference its responses to the allegations contained in paragraph 1 through 15 of the Complaint.

17. General Insulation denies the allegations contained in paragraph 17.

18. General Insulation denies the allegations contained in paragraph 18.

19. General Insulation denies the allegations contained in paragraph 19.

### First Affirmative Defense

General Insulation states that the claims of Plaintiff's Complaint fail to state a claim upon which relief cannot be granted.

### Second Affirmative Defense

As a separate and complete defense, General Insulation states that the claims of the Complaint are barred in whole or in part by waiver and/or estoppel.

### Third Affirmative Defense

As a separate and complete defense, General Insulation states that to the extent that the Plaintiff has suffered any harm or damages, such harm or damages were caused by the conduct of Plaintiff, and, therefore, the Plaintiff is barred from recovery.

### Fourth Affirmative Defense

As a separate and complete defense, General Insulation states that Plaintiff is barred from recovery by failure of consideration.

### Fifth Affirmative Defense

As a separate and complete defense, Plaintiff has failed to mitigate its damages, and thus, its recovery, if any, should be reduced accordingly.

### Sixth Affirmative Defense

As a separate and complete defense, General Insulation states that Plaintiff's claims are barred in whole or in part by the doctrine of Laches.

### Seventh Affirmative Defense

As a separate and complete defense, General Insulation states that Plaintiff is barred from recovery by its failure of rendering services.

### Eighth Affirmative Defense

As a separate and complete defense, Plaintiff has failed to mitigate its damages, and thus, its recovery, if any, should be reduced accordingly.

## AS AND FOR A FIRST COUNTER CLAIM AGAINST PLAINTIFF
### (Breach of Contract)

1. On or about January 25, 2002, General Insulation and Plaintiff entered into an agreement (hereinafter "Agreement") whereby Plaintiff was to provide voice and data services to General Insulation.

2. Plaintiff breached this Agreement by failing to render the services it agreed to provide pursuant to its Agreement with General Insulation.

3. That as a result of this breach General Insulation was forced to obtain voice and data services from another provider at the added expense of Twelve Thousand and 00/100 Dollars ($12,000.00).

## AS AND FOR A SECOND COUNTER CLAIM AGAINST PLAINTIFF
### (Unfair and Deceptive Trade Practice MGL ch. 93A)

4. Plaintiff by charging Defendant and by its numerous attempts to collect money from General Insulation, including bringing this action, for services that were never rendered constitutes violation of M.G.L. Ch. 93A, sec. 2 and 11.

WHEREFORE, Defendant General Insulation Company, prays as follows:

1. That Plaintiff's Complaint against Defendant be dismissed on all counts alleged;

2. That the Defendant be awarded actual damages in an amount of $12,000.00;

3. That Defendant be awarded interest, court costs, reasonable attorney's fees as damages and costs of suit;

4. That actual damages be assessed and doubled or trebled; and

5

5. That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: October 7, 2004

Respectively submitted,
**General Insulation Company**
By its attorney,

_____
Bryan Brady
BBO #630663
Peter F. Brady, Jr.
BBO #554370
Brady & Brady
50 Congress Street - Suite 225
Boston, Massachusetts 02109
(617) 227-7682

6

## CERTIFICATE OF SERVICE

FILED
IN CLERKS OFFICE
2004 OCT -7 P 12: 04
U.S. DISTRICT COURT
DISTRICT OF MASS.

I, Brian Brady, hereby certify that a true copy of the above document was served by first class mail on the 7th day of October, 2004, upon the attorney of record for plaintiff, John J. Dussi, Cohn & Dussi, LLC, at 25 Burlington Mall Road, 6th Floor, Burlington, MA 01803.

Brian Brady